the United States, or to conceal facts, or to deceive the appraiser as to the value of the merchandise. Accordingly, the petition is granted.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, FEBRUARY 21, 1962

No. 66476.—Joseph Markovits, Inc. v. United States, protests 59/32890, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of bridal headdresses similar in all material respects to those the subject of *Novik & Co., Inc.* v. *United States* (45 Cust. Ct. 183, C.D. 2221), the claim of the plaintiff was sustained.

No. 66477.—Joseph Markovits, Inc., et al. v. United States, protests 59/4800, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass balls similar in all material respects to those the subject of *Joseph Markovits, Inc.* v. *United States* (45 Cust. Ct. 151, C.D. 2216), the claim of the plaintiffs was sustained.

No. 66478.—Rene D. Lyon Co., Inc., et al. v. United States, protests 60/413, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass balls similar in all material respects to those the subject of *Joseph Markovits, Inc.* v. *United States* (45 Cust. Ct. 151, C.D. 2216), the claim of the plaintiffs was sustained.

No. 66479.—Teigh, Inc. v. United States, protest 61/14294 (New York).